UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YVETTE GALVEZ, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>ULTA SALON, COSMETICS & FRAGRANCE, INC. and DOES 1 through 50, inclusive,<br><br>  Defendants. | Case No.: 5:14-CV-00110-EJD<br><br>**ORDER STAYING CLAIMS ONE THROUGH FOUR; DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>[Re: Docket No. 18] |

Presently before the court is Defendant Ulta Salon, Cosmetics & Fragrance, Inc.'s ("Ulta") Motion to Dismiss. Mot. to Dismiss, Docket Item No. 18. The court held a hearing on this matter and conducted a Case Management Conference on July 25, 2014. Having reviewed the parties' briefing, reviewed the case management issues presented, and heard the parties' arguments, the court hereby STAYS claims One through Four as well as any element of claims Five through Seven that depend on Ulta's exit check policy, and DENIES Ulta's Motion to Dismiss without prejudice as to those claims. The court also DENIES Ulta's Motion to Dismiss as to the portions of claims five through seven that do not rely on the exit check policy.

1

Case No.: 5:14-CV-00110-EJD
ORDER STAYING CLAIMS ONE THROUGH FOUR; DENYING DEFENDANT'S MOTION TO DISMISS

## I. Background

### a. This Case

This wage and hour case concerns the impact that certain Ulta employment policies had on Ulta's retail store hourly employees' compensation. Plaintiff Yvette Galvez primarily claims that Ulta imposed an "exit check" policy on all employees, which required her to clock out upon the end of her shift or start of her meal or rest break, but then delayed her from actually being released from work because she had to wait to be checked out by a manager or supervisor. First Am. Class Action Compl. ("FAC") ¶ 33, Docket Item No. 15. Ms. Galvez alleges that she was not compensated for the time spent on these exit checks in violation of California Labor Code §§ 203, 226.7, 510, 1194, 1197, and 2698. In addition to the exit checks, Ms. Galvez complains that Ulta also committed other Labor Code violations by failing to timely pay all wages due upon her separation by issuing ATM cards, which impose certain fees, as the form of her final payment and by failing to keep accurate records of employees' hours and gross pay. FAC ¶¶ 56, 60, Dkt. No. 15.

Ms. Galvez filed this purported class action on behalf of herself and those similarly situated on December 4, 2013 in Santa Clara County Superior Court. See Not. of Removal Ex. A, Docket Item No. 1. Through this action, Ms. Galvez seeks to represent a class of all Ulta retail employees who worked in California during the period of December 4, 2009 to present and the following subclasses:

(1) all employees who received an ATM card as their final form of payment;

(2) all current employees who have received at least one itemized wage statement; and

(3) all former employees who received an itemized wage statement along with their final wages.

FAC ¶ 17, Dkt. No. 15. Ulta removed the case to this district pursuant to The Class Action Fairness Act of 2005 on January 8, 2014 and filed a Motion to Dismiss on January 15, 2014. See Not. of Removal ¶ 1, Dkt. No. 1; Mot. to Dismiss, Docket Item No. 14. Ms. Galvez amended her complaint as of right, filing the FAC on January 29, 2014; as a result Ulta withdrew its initial

2

Case No.: 5:14-CV-00110-EJD
ORDER STAYING CLAIMS ONE THROUGH FOUR; DENYING DEFENDANT'S MOTION TO DISMISS

Motion to Dismiss. See FAC, Dkt. No. 15; Not. of Withdrawal, Docket Item No. 17. Ulta then filed the instant Motion to Dismiss the FAC on February 18, 2014. Dkt. No. 18.

### b. The Central District Case

The parties informed the court through their Joint Case Management Statement that a similar class action involving exit checks is currently pending against Ulta in the Central District of California. See Joint Case Management Statement, Docket Item No. 29; see also Sarah Moore v. Ulta Salon, Cosmetics & Fragrance, Inc., Case No. 12-CV-3224 (C.D. Cal). In that case Plaintiff Moore, on behalf of herself and a purported class of all California hourly Ulta employees who worked shifts over three and one-half hours, seeks to recover for unpaid and improperly calculated overtime, unpaid hours worked, improper meal and rest break policies, falsification of hours worked, failure to provide meal periods, and other improper payroll practices and policies. See First Am. Class Action Compl. ¶¶ 15-16, Case No. 12-CV-3224 (C.D. Cal.), Dkt. No. 26. Moore bases all of these claims, at least in part, on the same exit check policy at issue in this case. See id. ¶¶ 19(a)-(j), 38-39, 46, 48, 55-58, 70-72, 77-79, 89, 95.

The Moore case is substantially more advanced than the case in this court. Moore filed the case in state court on March 2, 2012. Case No. 12-CV-3224 (C.D. Cal), Dkt. No. 1. It was removed to the Central District on April 12, 2012, and the parties completed briefing on Moore's Motion for Class Certification on November 7, 2013. Id. Docket Item No. 78. Judge Fernando M. Olguin took that motion under submission and the parties are awaiting that court's decision.

In the interim, Judge Olguin issued an order on July 7, 2014, requesting supplemental briefing on two issues: (1) whether and how the U.S. Supreme Court's grant of certiorari in Integrity Staffing Solutions, Inc. v. Busk, which presents the issue of whether an employee's time spent going through an employer's security check is compensable, affects the pending Motion for Class Certification, and (2) whether the case should be stayed pending issuance of the Supreme Court's decision, which is anticipated in the spring of 2015. See Case No. 12-CV-3224 (C.D. Cal), Dkt. No. 97; Integrity Staffing Solutions, Inc. v. Busk, 713 F.3d 525 (9th Cir. 2013), cert. granted, 134 S. Ct. 1490 (Mar. 3, 2014). In response to these questions, Moore asserted that the Busk case

deals with security check claims brought under a different law—the Federal Labor Standards Act—and that her case, which is limited to claims under the California Labor Code and California Wage Orders, need not be stayed. Ulta, in turn, contended that the Supreme Court's decision could offer persuasive guidance on the security check issue and advocated for a stay of litigation. Judge Olguin has yet to issue a decision on these issues.

## II. Discussion

### a. Case Management Issues

At the outset, this court notes that the presence of the more senior Moore case in the Central District presents an impediment to the expeditious resolution of the instant litigation. The parties agree that if the Central District grants Moore's Motion for Class Certification, the certified class would subsume the purported exit check class in this case, leaving only the ATM card and itemized wage statement subclasses. At the same time, if the Central District denies Moore's motion, its reasoning for doing so will likely be particularly persuasive to this court, again jeopardizing the existence of an exit check class in this case and potentially leaving only the ATM card and itemized wage statement subclasses. See Smith v. Bayer, 131 S. Ct. 2368, 2382 (2011) (expressing the Court's expectation that federal district courts will apply principles of comity to each other's class certification decisions when addressing a common dispute). Given the uncertainty surrounding the future of the proposed exit check class in this case, the court finds it efficient to stay Ms. Galvez's claims relevant to that class in order to allow these external issues to develop more fully. Accordingly, claims One through Four are hereby STAYED because they directly address the exit check policy. Additionally, to the extent any remaining of the additional claims are premised on Ulta's exit check policy, the exit check portions of those claims are also STAYED.

### b. Defendant's Motion to Dismiss

The court now turns to Defendant's Motion to Dismiss. Having stayed claims One through Four and any exit check portions of the remaining claims, the court DENIES Defendant's Motion to Dismiss without prejudice as to those claims.

4

Case No.: 5:14-CV-00110-EJD
ORDER STAYING CLAIMS ONE THROUGH FOUR; DENYING DEFENDANT'S MOTION TO DISMISS

Of the remaining claims, Defendant has not moved to dismiss the sixth cause of action, which concerns the itemized wage statements. See Mot. to Dismiss at 8-9, Dkt. No. 18. Thus, the court need only consider Defendant's Motion as to the fifth cause of action for waiting time penalties and seventh cause of action for unfair competition, which itself is premised on Ms. Galvez's other causes of action. See Opp'n at 9, Dkt. No, 19 (admitting that the unfair competition claim is based on the other Labor Code violation claims).

### i. Legal Standard

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim in the complaint with sufficient specificity to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is "proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Shroyer v. New Cingular Wireless Servs., Inc., 606 F.3d 658, 664 (9th Cir. 2010) (quoting Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001)). In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

### ii. Application

Ms. Galvez premises her fifth cause of action for waiting time penalties on her allegation that Ulta required her and other employees to accept wages, including final wages, in the form of an ATM card. FAC ¶ 56, Dkt. No. 15. Because these ATM cards required fees for usage in some instances, Ms. Galvez alleges that Ulta denied employees access to all funds on the cards in violation of Labor Code §§ 201-204. Id. ¶¶ 56-57. Ulta contends that Ms. Galvez's claim, which encompasses employees who were required to accept wage payments in the form of ATM cards

5

during the entirety of their employment, contrasts with her proposed ATM card subclass, which is limited to employees who received ATM cards as their final form of payment, and that this discrepancy requires dismissal of Ms. Galvez's claim. See Mot. to Dismiss at 8, Dkt. No. 18; compare FAC ¶ 17(b) with  ¶ 56, Dkt. No. 15.

The court disagrees with Ulta that the distinction between the proposed subclass and the waiting time penalties claim necessarily requires this claim to be dismissed. Ms. Galvez defines the primary class in this case as "all current and former non-exempt retail store employees of [Ulta] who worked in California during the period from December 4, 2009 to the present." FAC ¶ 17(a), Dkt. No. 15. This broad definition would likely capture those employees not specifically covered by the more narrowly-defined ATM card subclass, i.e. those employees who were allegedly forced to accept their wages in the form of an ATM card throughout their employment and not just at the time of their dismissal. While the discrepancy between the claim and the subclass is ripe to be explored further in a motion for class certification, it does not present the type of "contradictory allegations" cited by Ulta as requiring dismissal at this stage of the litigation. See Def. Reply at 4, Docket Item No. 21 (citing Canal Ins. Co. v. Dara Transport, No. 09-CV-02104-SKO, 2010 WL 2650692, at *4 (E.D. Cal. July 1, 2010) (considering directly contradictory statements that the defendant both did and did not own the relevant tractor and trailer) and Lyshorn v. JP Morgan Chase Bank, NA, No. 12-CV-05490-JSW, 2013 WL 2606519, at *3 (N.D. Cal. June 11, 2013) (considering, inter alia, directly contradictory statements that a promissory note and deed of trust both were and were not validly transferred to certain parties and that the plaintiffs did make trial modification payments but did not know they had a trial modification plan)).

Nor is the court compelled by Ulta's argument that further specificity is required on this claim. Ms. Galvez has included straightforward allegations: Ulta employees were required to accept payment of their wages in the form of an ATM card that carried fees; these fees precluded the employees from fully accessing their funds. FAC ¶¶ 56-57, Dkt. No. 15. Such allegations are sufficient to put Ulta on fair notice of the substance of Ms. Galvez's waiting time penalties claim to the satisfaction of Federal Rule of Civil Procedure 8. See Twombly, 550 U.S. at 555. And having

6

Case No.: 5:14-CV-00110-EJD
ORDER STAYING CLAIMS ONE THROUGH FOUR; DENYING DEFENDANT'S MOTION TO DISMISS

found that Ms. Galvez has stated a claim for violation of Labor Code §§ 201-204, the court also finds that Ms. Galvez has stated a claim for unfair competition under Business & Professions Code § 17200. See Cortez v. Purolator Air Filtration Prods. Co., 23 Cal. 4th 163, 178 (2000) (recognizing that "any business act or practice that violates the Labor Code through failure to pay wages is, by definition . . . an unfair business practice" in violation of the UCL).

### III. Conclusion

For the foregoing reasons, the court hereby STAYS claims One through Four in their entirety and claims Five through Seven only to the extent they are premised on Ulta's exit check policy, at least until the District Court issues a decision on the submitted Motion for Class Certification in Moore. Within ten days of the filing of that decision, the parties shall file a Joint Notice informing the court of such development and shall request that a Case Management Conference be scheduled.

The court DENIES WITHOUT PREJUDICE Ulta's Motion to Dismiss as to the stayed claims. Ulta may move again to dismiss these claims once the stay has been dissolved.

The court further DENIES Ulta's Motion to Dismiss as to the fifth cause of action and DENIES Ulta's Motion to Dismiss as to the seventh cause of action to the extent it depends on the fifth or sixth causes of action. Litigation may proceed on the portions of the fifth, sixth, and seventh claims that are premised on allegations other than Ulta's exit check policy.

On or before **September 8, 2014**, the parties shall submit an Updated Joint Case Management Statement which contains, inter alia, a proposed schedule for this action in light of this ruling.

**IT IS SO ORDERED**

Dated: August 29, 2014

EDWARD J. DAVILA
United States District Judge

7

Case No.: 5:14-CV-00110-EJD
ORDER STAYING CLAIMS ONE THROUGH FOUR; DENYING DEFENDANT'S MOTION TO DISMISS