UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YVETTE GALVEZ, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ULTA SALON, COSMETICS & FRAGRANCE, INC., a Delaware corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  5:14-cv-00110 EJD (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 1**<br><br>[Re:  Dkt. 41] |

Plaintiff Yvette Galvez is a former employee of defendant Ulta Salon, Cosmetics & Fragrance (Ulta).  She sues for herself, and on behalf of a putative class, for alleged wage and hour violations.  Among other things, she claims that Ulta required her (and other employees) to accept payment in the form of electronic pay cards (which impose certain fees), without authorization from the employee.

In Discovery Dispute Joint Report (DDJR) No. 1, defendant seeks an order compelling plaintiff to answer deposition questions about her former employment at Bath and Body Works.  Specifically at issue are questions about Bath and Body Works' alleged practice of paying wages to employees via pay cards.  Although she answered a few questions, plaintiff's counsel instructed her not to answer any further questions, arguing that the information is irrelevant to plaintiff's

employment with Ulta. The matter is deemed suitable for determination without oral argument. Civ. L.R. 7-1(b). Upon consideration of the parties' respective arguments, the court concludes that the requested discovery is not relevant to class certification. Nevertheless, if a class is certified, Ulta may pursue such information in merits/post-certification discovery.

Preliminarily, plaintiff argues that the instant DDJR is untimely. Pursuant to this court's Standing Order re Civil Discovery Disputes, a DDJR must be filed no later than 14 days after the last in-person meet-and-confer session between lead counsel. By all accounts, the parties' first (and last) in-person meet-and-confer session took place at plaintiff's February 18, 2015 deposition. Thus, in plaintiff's view, this DDJR should have been filed by March 4, but was not filed until April 3. Ulta argues that it timely provided its Joint Dispute Report to plaintiff's counsel on March 10, i.e., 14 days from receipt of the deposition transcript. This court is not convinced that the filing of the instant DDJR depended on the receipt of the transcript---this discovery dispute adequately could have been communicated to the court without the need to quote the transcript verbatim. Nevertheless, Ulta initially brought this dispute as a regularly noticed motion to compel on March 6; and, it was not until March 9 (i.e., more than 14 days from the parties' in-person meet-and-confer) that this court advised that it no longer entertains noticed discovery motions and that compliance with the Standing Order was required. Plaintiff's timeliness argument therefore is rejected in this particular instance. Ulta is, however, admonished to be mindful of the timing requirements on any future DDJR.

As for the relevance of the requested discovery, Ulta is correct that relevance is not a proper basis for instructing a witness not to answer questions in deposition. See Fed. R. Civ. P. 30(c)(2) ("A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."). Even so, discovery has been bifurcated into two phases: class certification discovery and merits/post-certification discovery. (Dkt. 34 at 2). Defendant has not convincingly demonstrated that the requested discovery is relevant to plaintiff's adequacy as a class representative (or any other class certification issue). See generally Stanton v. Boeing Co., 327 F.3d 938, 957 (9th Cir. 2003) (stating that the test for adequacy asks whether the class

representative and her counsel (1) have any conflicts of interest with other class members and (2) will prosecute the action vigorously on behalf of the class).

Ulta, however, maintains that plaintiff's prior employment, including her receipt of payment by electronic pay card, is relevant to plaintiff's credibility and to her claim that she did not know how to access all of the money from her pay card without incurring a fee.  Given the broad standard of relevance for discovery purposes, this court agrees that the requested information is relevant or reasonably calculated to lead to the discovery of admissible evidence on matters that are at issue.  Fed. R. Civ. P. 26(b)(1).  Plaintiff's privacy objections therefore are overruled (and, plaintiff does not deny that those objections were never raised during the parties' meet-and-confer).  In any event, for the reasons stated above, Ulta may explore plaintiff's prior experience of being compensated with electronic payment cards.  However, defendant may do so only if a class is certified and merits discovery opens.

SO ORDERED.

Dated:   April 20, 2015

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:14-cv-00110-EJD Notice has been electronically mailed to:

Alexis Anne Sohrakoff     asohrakoff@littler.com, jtosches@littler.com

Daniel Hyo-Shik Chang     dchang@diversitylaw.com, carolina@diversitylaw.com, olympia@diversitylaw.com

John C Kloosterman     jkloosterman@littler.com, akawase@littler.com

Kai-Ching Cha     kcha@littler.com, wlee@littler.com

Larry W Lee     lwlee@diversitylaw.com, carolina@diversitylaw.com, dchang@diversitylaw.com, linda@diversitylaw.com, olympia@diversitylaw.com, savanna@diversitylaw.com

William Lucas Marder     bill@polarislawgroup.com